IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| SPHERIX INCORPORATED and NNPT, LLC, | )<br>)<br>) |
| Plaintiffs, | )<br>) |
| v. | ) C.A. No. 14-578 (SLR)<br>)<br>) |
| JUNIPER NETWORKS, INC., | )<br>) |
| Defendant. | ) |

**DEFENDANT JUNIPER NETWORKS, INC.'S OPENING BRIEF
IN SUPPORT OF ITS MOTION TO DISMISS
<u>PLAINTIFF'S CLAIMS OF WILLFUL PATENT INFRINGEMENT</u>**

MORRIS, NICHOLS, ARSHT & TUNNELL LLP
Jack B. Blumenfeld (#1014)
Julia Heaney (#3052)
1201 North Market Street
P.O. Box 1347
Wilmington, DE 19899
(302) 658-9200
jblumenfeld@mnat.com
jheaney@mnat.com

*Attorneys for Defendant Juniper Networks*

OF COUNSEL:

Alan M. Fisch
Alicia M. Carney
FISCH SIGLER LLP
5335 Wisconsin Avenue NW, 8th Floor
Washington, DC 20015
(202) 362-3600

August 8, 2014

**TABLE OF CONTENTS**

NATURE AND STAGE OF THE PROCEEDING ................................................................. 1

SUMMARY OF ARGUMENT ............................................................................................... 1

STATEMENT OF FACTS ....................................................................................................... 2

ARGUMENT ............................................................................................................................ 3

    A.    Spherix's Amended Complaint Does Not Plead Facts Sufficient to Establish Juniper's Knowledge of the Asserted Patents ......................................................... 4

    B.    Spherix's Amended Complaint Does Not Plead Any Facts Supporting Objective Recklessness or Any Facts Showing A Link Between That Recklessness and Knowledge of the Patents ........................................................................................ 7

CONCLUSION ......................................................................................................................... 8

## TABLE OF AUTHORITIES

**Cases**

*Affinity Labs of Tex., LLC v. Toyota Motor North America, Inc.*,
   Civil Action No. W:13-cv-365, 2014 U.S. Dist. LEXIS 90379 (W.D. Tex. May 12, 2014) ............................................................................................................................5

*Apeldyn Corp. v. AU Optronics Corp.*,
   831 F. Supp. 2d 817 (D. Del. 2011) ..............................................................................5

*Callwave Communs. LLC v. AT&T Mobility LLC*,
   Civil Action Nos. 12-1701-RGA, 12-1702-RGA, 12-1703-RGA, 12-1704-RGA, 12-1788-RGA, 2014 U.S. Dist. LEXIS 15374 (D. Del. Jan. 28, 2014) ......................................6, 7

*Execware, LLC v. Staples, Inc.*,
   Civ. No. 11-836-LPS-SRF, 2012 U.S. Dist. LEXIS 174885 (D. Del. Dec. 10, 2012) ............4, 7

*Hand Held Prods. v. Amazon.com, Inc.*,
   Civ. No. 12-00768-RGA-MPT, 2013 U.S. Dist. LEXIS 16328 (D. Del. Feb. 6, 2013) .........4, 7

*In re Seagate Tech., LLC*,
   497 F.3d 1360 (Fed. Cir. 2007) .............................................................................passim

*McRo, Inc. v. Rockstar Games, Inc.*,
   Civ. No. 12-1513-LPS-CJB, 2014 U.S. Dist. LEXIS 34161 (D. Del. Mar. 17, 2014) ............4, 7

*ReefEdge Networks, LLC v. Juniper Networks, Inc.*,
   Civ. No. 13-412-LPS, 2014 U.S. Dist. LEXIS 37322 (D. Del. Mar. 21, 2014) .................3, 4, 7

*SoftView LLC v. Apple Inc.*,
   Civ. No. 10-389-LPS, 2012 U.S. Dist. LEXIS 104677 (D. Del. Jul. 26, 2012) ........................7

*St. Clair Intellectual Prop. Consultants v. Hewlett-Packard Co.*,
   Civ. No. 10-425-LPS, 2012 U.S. Dist. LEXIS 42749 (D. Del. Mar. 28, 2012) ................2, 4, 7

*Vasudevan Software, Inc. v. Tibco Software, Inc.*,
   No. C 11-06638 RS, 2012 U.S. Dist. LEXIS 69952 (N.D. Cal. May 17, 2012) ........................5

**Rules**

Federal Rule of Civil Procedure 12(b)(6) .............................................................................1, 2

## NATURE AND STAGE OF THE PROCEEDING

Plaintiff Spherix Incorporated commenced this action on May 2, 2014 alleging that Defendant Juniper infringes U.S. Patent Nos. RE40,467; 6,578,086; 6,130,877; 7,664,123; and 8,607,323. Spherix requested a stipulation to amend its Complaint and filed an Amended Complaint on July 8, 2014.[1] Because Spherix's Amended Complaint fails to meet the pleading requirements set forth by the Federal Circuit and this Court, Juniper moves to dismiss the claims of willful infringement pursuant to Federal Rule of Civil Procedure 12(b)(6).

## SUMMARY OF ARGUMENT

Last May, Spherix filed suit against Juniper alleging infringement of five patents. As part of its evaluation of these claims, Juniper asked Spherix to clarify several of its claims. Juniper specifically asked Spherix to withdraw its willful infringement claims or provide grounds for them.[2] In response, Spherix amended its Complaint. In the Amended Complaint, Spherix did not withdraw its claims that Juniper willfully infringed each patent.[3] Rather, Spherix alleged one additional fact – that Juniper must have known of the patents-in-suit because they were included in a public auction of a portfolio of over 6,000 patents by Nortel. Even with this additional alleged fact, Spherix's allegations remain insufficient as a matter of law.

To prove willful infringement, *In re Seagate* requires Spherix to show: (1) that Juniper knew of the asserted patents, (2) that Juniper acted with objective recklessness in infringing the

---

[1] NNPT, LLC was added a co-plaintiff to the lawsuit. Spherix and NNPT will collectively be referred to as "Spherix" for the purposes of this motion.

[2] *See* Ex. 1, June 18, 2014 Email from A. Carney to Counsel for Spherix.

[3] D.I. 13, Spherix First Amended Complaint Against Juniper Networks at ¶¶ 31, 36, 41, 46, 51.

patents, and (3) a link between Juniper's knowledge and objective recklessness.[4] Spherix's Amended Complaint contains only a boilerplate statement without any supporting facts that Juniper acted with objective recklessness, which is insufficient to plead willful infringement. On this basis alone, Spherix cannot meet the second and third elements of the *Seagate* test as a matter of law. As for the first element, the single allegation that Spherix pleads – that Juniper knew of the patent portfolio through the Nortel auction – is insufficient as a matter of law to show actual knowledge of the patents. Even if true, this allegation fails to show that Juniper had knowledge of the five asserted patents, as courts uniformly hold that a party's knowledge of a large portfolio of patents does not create knowledge of specific patents within the portfolio under a willfulness analysis. Moreover, Spherix makes no allegation of a link between Juniper's alleged knowledge and objective recklessness. On this independent basis, Spherix fails the *Seagate* test.

As Spherix's allegations fail as a matter of law and thus fail to state a claim upon which relief may be granted, Juniper respectfully requests that the Court dismiss Spherix's claims of willful infringement under Rule 12(b)(6).

## STATEMENT OF FACTS

Spherix alleges that Juniper willfully infringes five patents that were sold by Nortel to the Rockstar Bidco, L.P. consortium. Spherix subsequently acquired these patents. In its Amended Complaint, Spherix asserts that "Juniper participated in the auction during which Rockstar

---

[4] *St. Clair Intellectual Prop. Consultants v. Hewlett-Packard Co.*, Civ. No. 10-425-LPS, 2012 U.S. Dist. LEXIS 42749, *5-7 (D. Del. Mar. 28, 2012); *In re Seagate Tech., LLC*, 497 F.3d 1360, 1371 (Fed. Cir. 2007).

Bidco, L.P. purchased the Asserted Patents from Nortel."[5] Based on this alleged participation, Spherix argues that "Juniper is engaging in willful infringement" of each asserted patent and "is therefore liable for enhanced damages under 35 U.S.C. § 284 and for attorneys' fees and costs incurred in prosecuting this action under 35 U.S.C. § 285."[6]

Spherix additionally argues that Juniper had knowledge of the asserted '123 patent based on two citations in Juniper's patent portfolio.[7] The Amended Complaint does not offer any additional facts regarding Juniper's knowledge of the asserted patents or a link between Juniper's alleged knowledge and its risk of infringement.

## ARGUMENT

### I. The Legal Standard for Willful Infringement

The Federal Circuit's 2007 decision in *In re Seagate* established the governing standard for willful infringement. *Seagate* requires a threshold showing that the infringer acted despite an objectively high likelihood that its actions constituted infringement of a valid patent.[8] If this threshold is met, the plaintiff then must demonstrate that the objectively-defined risk was either known or so obvious that it should have been known to the accused infringer.[9]

---

[5] D.I. 13 at ¶ 8.

[6] D.I. 13 at ¶¶ 31, 36, 41, 46, and 51.

[7] D.I. 13 at ¶ 44.

[8] *In re Seagate*, 497 F.3d at 1371; *see also ReefEdge Networks, LLC v. Juniper Networks, Inc.*, Civ. No. 13-412-LPS, 2014 U.S. Dist. LEXIS 37322, *4 (D. Del. Mar. 21, 2014) (quoting *Seagate* that "a patentee must show by clear and convincing evidence that the infringer acted despite an objectively high likelihood that its actions constituted infringement of a valid patent.").

[9] *Seagate*, 497 F.3d at 1371; *ReefEdge Networks*, 2014 U.S. Dist. LEXIS 37322 at *4-5.

In applying the *Seagate* standard, this Court has ruled that, even at the pleading stage, the plaintiff "must plead facts giving rise to 'at least a showing of objective recklessness of the infringement risk.'"[10] Specifically, a plaintiff must plead facts that the "risks of infringement were either known or were so obvious that they should have been known" to the defendant.[11] And this Court further requires that the complaint "must demonstrate a link" between these two elements.[12] Accordingly, Spherix must satisfy three elements to establish willful infringement: Juniper's knowledge of the asserted patents, Juniper's objective recklessness in infringing the patents, and a link between Juniper's knowledge and objective recklessness. Here, Spherix's Amended Complaint fails to set forth allegations sufficient to satisfy any of the three elements.

II. **Spherix's Amended Complaint Fails To Allege Sufficient Facts To Support Its Claims of Willful Infringement; Thus, Spherix's Willfulness Claims Should De Dismissed**

> A. **Spherix's Amended Complaint Does Not Plead Facts Sufficient to Establish Juniper's Knowledge of the Asserted Patents**

---

[10] *ReefEdge Networks,* 2014 U.S. Dist. LEXIS 37322 at *5 (citing *Seagate*).

[11] *ReefEdge Networks*, 2014 U.S. Dist. LEXIS 37322 at *5; *St. Clair Intellectual Prop. Consultants*, 2012 U.S. Dist. LEXIS 42749 at *6; *Execware, LLC v. Staples, Inc.*, Civ. No. 11-836-LPS-SRF, 2012 U.S. Dist. LEXIS 174885, *17-18 (D. Del. Dec. 10, 2012), *adopted by* 2013 U.S. Dist. LEXIS 6231 (D. Del. Jan. 16, 2013) (dismissing willful infringement allegation).

[12] *St. Clair*, 2012 U.S. Dist. LEXIS 42749 at *7; *ReefEdge Networks*, 2014 U.S. Dist. LEXIS 37322 at *5-7; *Execware*, 2012 U.S. Dist. LEXIS 174885 at *18; *McRo, Inc. v. Rockstar Games, Inc.*, Civ. No. 12-1513-LPS-CJB, 2014 U.S. Dist. LEXIS 34161, *24 (D. Del. Mar. 17, 2014), *adopted by* 2014 U.S. Dist. LEXIS 57111 (D. Del. Apr. 22, 2014) ("The complaint must demonstrate[] a link between the various allegations of knowledge of the patents-in-suit and the allegations that the risks of infringement were either known or were so obvious that they should have been known.") (internal quotations omitted); *Hand Held Prods. v. Amazon.com, Inc.*, Civ. No. 12-00768-RGA-MPT, 2013 U.S. Dist. LEXIS 16328, *21 (D. Del. Feb. 6, 2013) ("The complaint must demonstrate[] a link between the various allegations of knowledge of the patents-in-suit and the allegations that the risks of infringement were either known or were so obvious that they should have been known.") (internal quotations omitted).

District courts have held that a defendant's general knowledge of a patent portfolio is insufficient to satisfy the knowledge element of the willfulness test, even at the pleading stage.[13] Indeed, the Northern District of California in *Vasudevan v. Tibco* explained: "[t]he requisite knowledge of the patent allegedly infringed simply cannot be inferred from mere knowledge of *other* patents, even if somewhat similar."[14]

Nonetheless, Spherix alleges here that Juniper was aware of the RE467 patent, the '323 patent, the '086 patent, and the '877 patent due to an auction of a 6,000+ patent portfolio by Nortel.[15] This is the sole allegation of pre-suit knowledge alleged by Spherix.[16] Juniper cannot be held to constructive notice of the "hundreds, if not thousands, of listed patents" created by such an auction.[17] But, even if Juniper had bid in the Nortel auction of 6,000+ patents, which Spherix has not alleged, there are no allegations of Juniper's knowledge of the specific patents involved in this lawsuit. Indeed, Juniper could not have had knowledge of the '323 patent

---

[13] *See Vasudevan Software, Inc. v. Tibco Software, Inc.*, No. C 11-06638 RS, 2012 U.S. Dist. LEXIS 69952, *9 (N.D. Cal. May 17, 2012); *Affinity Labs of Tex., LLC v. Toyota Motor North America, Inc.*, Civil Action No. W:13-cv-365, 2014 U.S. Dist. LEXIS 90379, *9, 15-17 (W.D. Tex. May 12, 2014) (finding insufficient pleading of actual knowledge when defendant was only generally aware of plaintiff's patent portfolio).

[14] *Vasudevan Software*, 2012 U.S. Dist. LEXIS 69952 at *9.

[15] Ex. 2, Apple and Microsoft Beat Google for Nortel Patents at 1 ("Nortel Networks…has agreed to sell more than 6,0000 patent assets.").

[16] D.I. 13 at ¶¶ 30-31, 35-36, 40-41, and 50-51.

[17] *Apeldyn Corp. v. AU Optronics Corp.*, 831 F. Supp. 2d 817, 831 (D. Del. 2011); *see also Affinity Labs*, 2014 U.S. Dist. LEXIS 90379 at *17.

through the auction because, at that time, it had not been filed.[18] As Spherix has not pled any facts indicating that Juniper was aware of the specific asserted patents, the RE467, '086, '323 and '877 patents, the corresponding claims of willfulness fail as a matter of law.

Spherix's allegations with respect to Juniper's knowledge of the '123 patent similarly fail as a matter of law. As Judge Andrews recently held in *Callwave v. AT&T*, knowledge of an asserted patent "as evidenced by citation to the patent in multiple Information Disclosure Statements relating to [Defendant's] patents…is insufficient to support an allegation of willfulness."[19] Nonetheless, Spherix alleges that Juniper had knowledge of the '123 patent through two citations in Juniper's patent portfolio.[20] The '123 patent was one of thirty-one patents cited by an examiner during prosecution of Juniper's 8,678,629 patent, and was listed on an Information Disclosure Statement by Juniper during prosecution. In light of this Court's *Callwave* decision, and its other jurisprudence holding that evidence of a patent citation would have to be combined with other evidence to establish the pre-suit knowledge required for a pleading of willful infringement,[21] Spherix's allegations regarding the '123 patent are insufficient to pass the initial pleading stage.

---

[18] The '323 patent was filed on April 11, 2012, which was over a year after the Nortel auction. D.I. 1, Spherix Complaint for Patent Infringement Against Juniper Networks at Ex. E, U.S. Patent 8,607,323 at 1.

[19] *Callwave Communs. LLC v. AT&T Mobility LLC*, Civil Action Nos. 12-1701-RGA, 12-1702-RGA, 12-1703-RGA, 12-1704-RGA, 12-1788-RGA, 2014 U.S. Dist. LEXIS 15374, *7 (D. Del. Jan. 28, 2014).

[20] D.I. 13 at ¶ 44.

[21] *See*, *e.g.*, *SoftView LLC v. Apple Inc.*, Civ. No. 10-389-LPS, 2012 U.S. Dist. LEXIS 104677, *16-17 (D. Del. Jul. 26, 2012) ( "none of the allegations standing alone adequately allege[d] that AT&T was aware of the patents-in-suit" when parent application was cited during prosecution,

### B. Spherix's Amended Complaint Does Not Plead Any Facts Supporting Objective Recklessness or Any Facts Showing A Link Between That Recklessness and Knowledge of the Patents

Spherix's Amended Complaint does not plead any facts showing objective recklessness, as the *Seagate* standard requires. Spherix also fails to set forth any facts to support a link between recklessness and knowledge of infringement. This Court has consistently found that a willful infringement pleading must "demonstrate a link between the various allegations of knowledge of the patents-in-suit and the allegations that the risks of infringement were either known or were so obvious that they should have been known."[22] Under this precedent, complaints that merely allege a defendant's knowledge of the asserted patent without a connection to the alleged infringing activity should be dismissed.[23] Spherix's Amended Complaint fails to plead any connection between the Nortel auction or the citation of the '123 patent to the alleged infringement of the asserted patents.[24] Because the Complaint fails to plead

---

defendant and plaintiff had an exclusive licensing agreement involving the asserted patent, and defendant had a business relationship with the patent inventor and plaintiff's General Manager); *Callwave Communs.*, 2014 U.S. Dist. LEXIS 15374 at *7 ("This solitary piece of information is insufficient to support an allegation of willfulness.").

[22] *St. Clair*, 2012 U.S. Dist. LEXIS 42749 at *7; *ReefEdge*, 2014 U.S. Dist. LEXIS 37322 at *5-7; *Execware*, 2012 U.S. Dist. LEXIS 174885 at *18; *McRo, Inc.*, 2014 U.S. Dist. LEXIS 34161 at *24; *Hand Held Prods.*, 2013 U.S. Dist. LEXIS 16328 at *21.

[23] *ReefEdge*, 2014 U.S. Dist. LEXIS 37322 at *6-8 (dismissing claim of willful infringement when plaintiff made "no specific allegations linking the knowledge" to allegations of infringement); *McRo, Inc.*, 2014 U.S. Dist. LEXIS 34161 at *24-27 (insufficient pleading of willful infringement when defendants were aware of the patents-in-suit but "complaints do not plead sufficient specific factual matter [that] Defendants were or should have been aware that they were committing patent infringement").

[24] *See* D.I. 13 at ¶¶ 30-31, 35-36, 40-41, 44-46, and 50-51. Spherix's complaint identifies broad listings of Juniper product lines with the disclaimer "for example and without limitation." D.I. 13 at ¶¶ 28, 33, 38, 43, and 48. With such open-ended allegations, there can be no link between the unidentified products and patents-in-suit.

objective recklessness or any link between recklessness and knowledge of infringement, Spherix's willful infringement claims fail as a matter of law. Accordingly, these claims should be dismissed.

## CONCLUSION

Spherix's Amended Complaint fails to allege any facts that Juniper knew of the specific asserted patents. Further, Spherix has alleged no facts establishing a link between its allegations of knowledge to Juniper's alleged infringement. Juniper thus respectfully requests that Spherix's claims of willful infringement of the RE467, '086, '877, '123, and '323 patents be dismissed.

MORRIS, NICHOLS, ARSHT & TUNNELL LLP

*/s/ Julia Heaney*

Jack B. Blumenfeld (#1014)
Julia Heaney (#3052)
1201 North Market Street
P.O. Box 1347
Wilmington, DE 19899
(302) 658-9200
jblumenfeld@mnat.com
jheaney@mnat.com

OF COUNSEL:

*Attorneys for Defendant Juniper Networks*

Alan M. Fisch
Alicia M. Carney
FISCH SIGLER LLP
5335 Wisconsin Avenue NW, 8th Floor
Washington, DC 20015
(202) 362-3600

August 8, 2014

8445334

# **CERTIFICATE OF SERVICE**

I hereby certify that on August 8, 2014, I caused the foregoing to be electronically filed with the Clerk of the Court using CM/ECF, which will send notification of such filing to all registered participants.

I further certify that I caused copies of the foregoing document to be served on August 8, 2014, upon the following in the manner indicated:

| | |
|---|---|
| Damien Nicholas Tancredi, Esquire<br>COZEN O'CONNOR<br>1201 North Market Street, Suite 1001<br>Wilmington, DE  19801<br>*Attorneys for Plaintiff* | *VIA ELECTRONIC MAIL* |
| Kerry B. McTigue, Esquire<br>Barry P. Golob, Esquire<br>Donald R. McPhail, Esquire<br>COZON O'CONNOR<br>The Army and Navy Building<br>1627 I Street, NW, Suite 1100<br>Washington, DC  20006<br>*Attorneys for Plaintiff* | *VIA ELECTRONIC MAIL* |

        */s/ Julia Heaney*

        Julia Heaney (#3052)