IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| SPHERIX INCORPORATED and NNPT, LLC, | ) ) ) |
| Plaintiffs, | ) ) ) C.A. No. 14-578 (SLR) |
| v. | ) ) |
| JUNIPER NETWORKS, INC., | ) ) ) |
| Defendant. | ) |

**DEFENDANT JUNIPER NETWORKS, INC.'S REPLY BRIEF
IN SUPPORT OF ITS MOTION TO DISMISS
<u>PLAINTIFFS' CLAIMS OF WILLFUL PATENT INFRINGEMENT</u>**

MORRIS, NICHOLS, ARSHT & TUNNELL LLP
Jack B. Blumenfeld (#1014)
Julia Heaney (#3052)
1201 North Market Street
P.O. Box 1347
Wilmington, DE 19899
(302) 658-9200
jblumenfeld@mnat.com
jheaney@mnat.com

*Attorneys for Defendant Juniper Networks, Inc.*

OF COUNSEL:

Alan M. Fisch
Alicia Meros Carney
FISCH SIGLER LLP
5335 Wisconsin Avenue NW, 8th Floor
Washington, DC 20015
(202) 362-3600

September 15, 2014
8528017.1

- i -

TABLE OF CONTENTS

Page

TABLE OF AUTHORITIES ................................................................................................... ii

INTRODUCTION ....................................................................................................................1

ARGUMENT ............................................................................................................................3

    A.    The Undisputed Facts Support Juniper's Motion to Dismiss ................................3

    B.    The Law Supports Juniper's Motion to Dismiss ..................................................4

CONCLUSION .........................................................................................................................7

TABLE OF AUTHORITIES

Page(s)

**Cases**

*Aeritas, LLC v. Alaska Air Group, Inc.*,
   893 F. Supp. 2d 680 (D. Del. 2012) ....................................................................................5

*Callwave Communs. LLC v. AT&T Mobility LLC*,
   Civil Action Nos. 12-1701-RGA, 12-1702-RGA, 12-1703-RGA, 12-1704-RGA, 2014
   U.S. Dist. LEXIS 15374 (D. Del. Jan. 28, 2014) ...............................................................2, 6

*Chalumeau Power Sys. LLC v. Alcatel-Lucent*,
   Civil Action No. 11-1175-RGA, 2012 U.S. Dist. LEXIS 142809 (D. Del. Jul. 18, 2012) .....2, 6

*Execware, LLC v. Staples, Inc.*,
   Civil Action No. 11-836-LPS-SRF, 2012 U.S. Dist. LEXIS 174885 (D. Del. Dec. 10,
   2012) ....................................................................................................................................6

*Fairchild Semiconductor Corp. v. Power Integrations, Inc.*,
   935 F. Supp. 2d 772 (D. Del. 2013 ......................................................................................5

*Gammino v. AT&T*,
   Civ. No. 12-666-LPS, 2013 U.S. Dist. LEXIS 166321 (D. Del. Nov. 22, 2013) ....................5

*Hand Held Prods. v. Amazon.com, Inc.*,
   Civ. No. 12-00768-RGA-MPT, 2013 U.S. Dist. LEXIS 16328 (D. Del. Feb. 6, 2013) ...........2

*In re Seagate Tech., LLC*,
   497 F.3d 1360 (Fed. Cir. 2007) ............................................................................................3

*Intellectual Ventures I LLC et al. v. Toshiba Corp. et al.*,
   Civ. No. 13-453-SLR, 2014 U.S. Dist. LEXIS 124401 (D. Del. Sept. 3, 2014) .....................5

*LG Display Co. v. AU Optronics Corp.*,
   722 F. Supp. 2d 466 (D. Del. 2010) .................................................................................1, 4

*McRo, Inc. v. Rockstar Games, Inc.*,
   Civ. No. 12-1513-LPS-CJB, 2014 U.S. Dist. LEXIS 34161 (D. Del. Mar. 17, 2014) ..........2, 3

*McRo, Inc. v. Rockstar Games, Inc.*,
   Civ. No. 12-1513-LPS-CJB, 2014 U.S. Dist. LEXIS 57111 (D. Del. Apr. 22, 2014) ..............2

*Netgear, Inc. v. Ruckus Wireless, Inc.*,
   852 F. Supp. 2d 470 (D. Del. 2012) ......................................................................................5

*Radware, Ltd. v. A10 Networks, Inc.*,
  Case No. C-13-02021-RMW, 2013 U.S. Dist. LEXIS 136942 (N.D. Cal. Sept. 24, 2013) ...............................................................................................................................1

*ReefEdge Networks, LLC v. Juniper Networks, Inc.*,
  Civ. No. 13-412-LPS, 2014 U.S. Dist. LEXIS 37322 (D. Del. Mar. 21, 2014) ......................2, 5

*S.O.I.T.E.C. Silicon on Insulator Techs., S.A. v. MEMC Elec. Materials, Inc.*,
  Civ. No. 08-292-SLR, 2009 U.S. Dist. LEXIS 13155 (D. Del. Feb. 20, 2009).........................5

*St. Clair Intellectual Prop. Consultants v. Hewlett-Packard Co.*,
  Civ. No. 10-425-LPS, 2012 U.S. Dist. LEXIS 42749 (D. Del. Mar. 28, 2012) ......................2, 3

*State Indus. v. A.O. Smith Corp.*,
  751 F.2d 1226 (Fed. Cir. 1985)................................................................................................1

*Vasudevan Software, Inc. v. Tibco Software, Inc.*,
  No. C 11-06638 RS, 2012 U.S. Dist. LEXIS 69952 (N.D. Cal. May 17, 2012).....................1, 4

**Rules**

Federal Rule of Civil Procedure 12(b)(6)..................................................................................3, 7

**INTRODUCTION**

In 2011, Nortel was forced to sell its entire patent portfolio at auction. It is undisputed that Nortel's portfolio contained more than 6,000 patent assets. It is also undisputed that Plaintiffs' '323 Patent was not filed until after that auction.[1] And it is undisputed that Plaintiffs' claim of willful infringement of U.S. Patent Nos. 8,607,323; RE40,467; 6,578,086; and 6,130,877 rests solely on Juniper's alleged participation in this auction.

As a matter of law, this fact alone is not enough to support a claim of willful infringement.[2] Courts have uniformly held that general knowledge of a patent portfolio cannot automatically translate to knowledge of specific patents in that portfolio, as explained in Juniper's opening brief.[3] And Plaintiffs' position that Juniper's general knowledge of the auction amounts to actual knowledge of each of the 6,000 patent assets contained in the auction is unsupported by any case law. To the contrary, in *LG Display*, this Court found that participation in an auction of patent assets is insufficient to establish pre-suit knowledge of asserted patents.[4]

---

[1] *See* D.I. 1 at Ex. E, U.S. Patent 8,607,323 at 1 (listing a filing date of April 11, 2012). The Federal Circuit has long held that "[t]o willfully infringe *a patent*, the patent must exist and one must have knowledge of it." *State Indus. v. A.O. Smith Corp.*, 751 F.2d 1226, 1236 (Fed. Cir. 1985) (emphasis in original).

[2] *See* D.I. 16 at 5, citing *Vasudevan Software, Inc. v. Tibco Software, Inc.*, No. C 11-06638 RS, 2012 U.S. Dist. LEXIS 69952, *9 (N.D. Cal. May 17, 2012) and *Affinity Labs of Tex., LLC v. Toyota Motor North America, Inc.*, Civil Action No. W:13-cv-365, 2014 U.S. Dist. LEXIS 90379, *9, *15-17 (W.D. Tex. May 12, 2014); *see also Radware, Ltd. v. A10 Networks, Inc.*, Case No. C-13-02021-RMW, 2013 U.S. Dist. LEXIS 136942, *7, *20-21 (N.D. Cal. Sept. 24, 2013).

[3] *Vasudevan Software*, 2012 U.S. Dist. LEXIS 69952 at *9; *Affinity Labs*, 2014 U.S. Dist. LEXIS 90379 at *9, *15-17; *Radware*, 2013 U.S. Dist. LEXIS 136942 at *7, *20-21.

[4] *LG Display Co. v. AU Optronics Corp.*, 722 F. Supp. 2d 466, 471 (D. Del. 2010) ("AUO contends that LGD was aware of [the asserted] patents because LGD 'participated in the process by which IBM auctioned off a portfolio of patents that included the now AUO asserted []

As for the other patent-in-suit, U.S. Patent No. 7,664,123, Juniper does not dispute that it was cited in two of the 1700+ patents assigned to Juniper. But, this fact alone fails to establish Juniper's knowledge of the '123 patent. Earlier this year, Judge Andrews addressed a similar fact pattern in *Callwave Communications*. In *Callwave,* multiple patents owned by the defendants cited the asserted patent.[5] The Court found that these citations were not sufficient to establish knowledge of the asserted patent for willful infringement.[6]

But even if the Court found that Juniper had knowledge of all five Asserted Patents, the plaintiff's pleading of willful infringement remains insufficient as a matter of law. Plaintiffs allege no facts linking knowledge of the patents, the accused products, and objective recklessness, as the judges on this Court have required time and again in cases such as *St. Clair*, *ReefEdge Networks*, *McRo*, and *HandHeld Products*.[7]

---

patents.'…In the Court's view, however, the degree of LGD's awareness appears to be minimal at best. LGD was not the purchaser of these patents, and the evidence is unclear as to the extent of LGD's interest and involvement in the potential purchase.").

[5] *Callwave Communs. LLC v. AT&T Mobility LLC*, Civil Action Nos. 12-1701-RGA, 12-1702-RGA, 12-1703-RGA, 12-1704-RGA, 12-1788-RGA, 2014 U.S. Dist. LEXIS 15374, *7 (D. Del. Jan. 28, 2014).

[6] *Callwave*, 2014 U.S. Dist. LEXIS 15374 at *7, *11; *see also Chalumeau Power Sys. LLC v. Alcatel-Lucent*, Civil Action No. 11-1175-RGA, 2012 U.S. Dist. LEXIS 142809, *2-3 (D. Del. Jul. 18, 2012) (dismissing claim of willful infringement when asserted patent was cited by Examiner during prosecution of three separate patents in defendant's patent portfolio).

[7] *See* D.I. 16 at 4, 7, citing *St. Clair Intellectual Prop. Consultants v. Hewlett-Packard Co.*, C.A. No. 10-425-LPS, 2012 U.S. Dist. LEXIS 42749, *7 (D. Del. Mar. 28, 2012); *ReefEdge Networks, LLC v. Juniper Networks, Inc.*, C.A. No. 13-412-LPS, 2014 U.S. Dist. LEXIS 37322, *5-7 (D. Del. Mar. 21, 2014); *McRo, Inc. v. Rockstar Games, Inc.*, Civil Action Nos. 12-1513-LPS-CJB, 12-1517-LPS-CJB, 12-1519-LPS, CJB, 2014 U.S. Dist. LEXIS 34161, *24 (D. Del. Mar. 17, 2014), *adopted by* 2014 U.S. Dist. LEXIS 57111 (D. Del. Apr. 22, 2014); *Hand Held Prods. v. Amazon.com, Inc.*, C.A. No. 12-CV-00768-RGA-MPT, 2013 U.S. Dist. LEXIS 16328, *21 (D. Del. Feb. 6, 2013).

In sum, the Amended Complaint fails to allege sufficient facts to support any claims of willful infringement. Juniper respectfully asks this Court to dismiss those claims pursuant to Federal Rule of Civil Procedure 12(b)(6).

## ARGUMENT

### A.     The Undisputed Facts Support Juniper's Motion to Dismiss

It is undisputed that, aside from Juniper's supposed participation in Nortel's patent auction, the Complaint does not state any facts suggesting that Juniper "must have known" of the '467, '086, and '877 patents.[8] It is also undisputed that the Complaint is devoid of any allegations that Juniper acted with objective recklessness in infringing the patents, or any allegations showing a link between Juniper's knowledge and objective recklessness. Thus, the Complaint cannot meet the elements of the *Seagate* test.[9]

Furthermore, Plaintiffs' unsupported belief that "the majority of Juniper's revenue… has been generated from … technology that infringes the Asserted Patents" is irrelevant. A bare assertion that a patent covers a defendant's products is not sufficient grounds for willfulness.[10] Indeed, if Plaintiffs' argument were correct, every complaint naming the accused products would satisfy the standard for pleading willfulness. In sum, even assuming that all the facts plead were

---

[8] The willfulness claims with respect to U.S. Patent No. 8,607,323 are particularly egregious, given that the application that resulted in <u>the '323 Patent had not been even filed at the time of the auction</u>. *See* D.I. 1 at Ex. E, U.S. Patent 8,607,323 at 1 (listing a filing date of April 11, 2012).

[9] As detailed in Juniper's opening brief, *In re Seagate* requires Plaintiffs to show: (1) that the infringer acted despite an objectively high likelihood that its actions constituted infringement of a valid patent, and (2) that the objectively-defined risk was either known or so obvious that it should have been known to the accused infringer. *See* D.I. 16 at 1-2, citing *St. Clair*, 2012 U.S. Dist. LEXIS 42749 at *5-7 and *In re Seagate Tech., LLC*, 497 F.3d 1360, 1371 (Fed. Cir. 2007).

[10] *See, e.g.*, *McRo, Inc.*, 2014 U.S. Dist. LEXIS 34161 at *12-13, 27 (dismissing claims of willful infringement when plaintiff adequately identified accused product line).

correct, the Complaint does not support a claim on willfulness under Federal Circuit and the District of Delaware law.

### B. The Law Supports Juniper's Motion to Dismiss

Courts have consistently held that a party's knowledge of a large portfolio of patents does not create knowledge of specific patents within the portfolio sufficient to state a claim for willfulness. For example, in *LG Display*, the court found that an alleged infringer's participation in the auction of a patent portfolio that contained the patents-in-suit was insufficient to establish willfulness. The court concluded that "the degree of [alleged infringer's] awareness appears to be minimal at best. [Alleged infringer] was not the purchaser of these patents, and the evidence is unclear as to the extent of [alleged infringer's] interest and involvement in the potential purchase."[11] Similarly, in *Vasudevan v. Tibco*, the Northern District of California explained that "[t]he requisite knowledge of the patent allegedly infringed simply cannot be inferred from mere knowledge of *other* patents, even if somewhat similar."[12] And in *Affinity Labs of Tex., LLC v. Toyota Motor North America, Inc.*, the Western District of Texas held that knowledge of the asserted patents could not be inferred from knowledge of the plaintiff's patent portfolio.[13] In contrast to these cases, Plaintiffs have cited no case law in support of their position that an auction of 6,000 patent assets is sufficient to establish knowledge of five specific patents in that portfolio.

Plaintiffs also suggest that this Court requires only vague general pleading for willful infringement. In each case cited by Plaintiffs, however, the court first found that the defendant's

---

[11] *LG Display Co.*, 722 F. Supp. 2d at 471.

[12] *Vasudevan Software*, 2012 U.S. Dist. LEXIS 69952 at *9 (emphasis in original).

[13] *Affinity Labs*, 2014 U.S. Dist. LEXIS 90379 at *9, 15-17.

knowledge of the patent-in-suit had been established in the complaint. For example, in *Fairchild*, the defendant did not contest that it had knowledge of the asserted patent prior to the litigation.[14] In *Netgear*, the defendant had previously licensed the asserted patent.[15] Finally, the court in *S.O.I.T.E.C.*[16] and *Gammino*[17] noted that defendants were previously aware of the patent-in-suit. But the Court has declined to follow the foregoing cases where, as here, the complaint did not establish knowledge of the patent.[18]

Similarly, Plaintiffs fail to offer adequate support for their argument that by citing the '123 patent in two patent applications, Juniper had the requisite knowledge for willful

---

[14] *Fairchild Semiconductor Corp. v. Power Integrations, Inc.*, 935 F. Supp. 2d 772, 779 (D. Del. 2013).

[15] *Netgear, Inc. v. Ruckus Wireless, Inc.*, 852 F. Supp. 2d 470, 475 (D. Del. 2012) ("The foregoing [evidence of licensing] is sufficient to infer that the defendant knew or had knowledge of the patent because, presumably, the defendant read and evaluated the patent before entering a license agreement with IBM Corporation."); *see also id.* at 477 ("As discussed *supra*, plaintiff sufficiently alleges that defendant had pre-filing knowledge of the '035 patent.").

[16] *S.O.I.T.E.C. Silicon on Insulator Techs., S.A. v. MEMC Elec. Materials, Inc.*, Civ. No. 08-292-SLR, 2009 U.S. Dist. LEXIS 13155, *6, *n3 (D. Del. Feb. 20, 2009) (denying dismissal "in view of plaintiffs' subsequent disclosures," which included defendant's intervention in a reissue proceeding of the asserted patent and licensing relationships involving the asserted patent).

[17] The court in *Gammino* denied the pending motion to dismiss as moot after granting the plaintiff leave to amend its complaint. *Gammino v. AT&T*, Civ. No. 12-666-LPS, 2013 U.S. Dist. LEXIS 166321, *12-13 (D. Del. Nov. 22, 2013). The court noted that with respect to one of the defendants, the original complaint appeared to be adequate because it alleged knowledge of the patent based on prior litigation between the parties. *Id.* at *13.

[18] *See*, *e.g.*, *ReefEdge Networks*, 2014 U.S. Dist. LEXIS 37322 at *7-8 (distinguishing *Fairchild* on the basis that "defendant [in *Fairchild*] alleged and plaintiff did not contest that plaintiff had actual knowledge of the patent"); *Aeritas, LLC v. Alaska Air Group, Inc.*, 893 F. Supp. 2d 680, n.1 (D. Del. 2012) (noting that "plaintiffs in *S.O.I. Tec.* had identified in their papers various ways in which defendant knew or should have known about its likely infringement"); *Intellectual Ventures I LLC et al. v. Toshiba Corp.*, Civ. No. 13-453-SLR, 2014 U.S. Dist. LEXIS 124401, *10-11, *n4 (D. Del. Sept. 3, 2014) (distinguishing *S.O.I.T.E.C.* on the basis that "plaintiffs' answering brief contained additional detail, which could have been provided in the original complaint or in an amended complaint, sufficient to withstand a motion to dismiss").

infringement. *Execware*, Plaintiffs' sole cited authority in support, did not evaluate whether a citation in a defendant's patent portfolio was sufficient to plead willful infringement.[19] Rather, it focused on whether post-suit knowledge is sufficient to plead a claim of willful infringement.[20] In constrast, in *Callwave*, the Court evaluated whether citations in patent prosecutions provided adequate notice, and concluded that such citations were "insufficient to support an allegation of willfulness."[21]

Finally, in their opposition, Plaintiffs attempt to distinguish the case law by stating that they are not alleging constructive knowledge of the five Asserted Patents. Rather, Plaintiffs claim that the Nortel auction provided Juniper with actual knowledge of the Asserted Patents. As such, Plaintiffs ask this Court to conclude that any company that knew of the auction had actual knowledge of each of the 6,000+ Nortel patents, and analyzed them, sufficient to support an allegation of willful infringement. Not only is this unreasonable, Plaintiffs fail to cite any law to support this logical leap. In fact, Plaintiffs have not cited case law to support their position that knowledge of a large patent portfolio is sufficient to establish actual knowledge of specific patents in that portfolio. As explained above, the law is to the contrary.

---

[19] *Execware, LLC v. Staples, Inc.*, Civil Action No. 11-836-LPS-SRF, 2012 U.S. Dist. LEXIS 174885, *6-7, *16-18 (D. Del. Dec. 10, 2012). The court in *Execware* additionally noted that to plead willful infringement, plaintiff must allege not only knowledge of the patents-in-suit, but also "a link between the various allegations of knowledge of the patents-in-suit and the allegations that the risks of infringement were either known or were so obvious that they should have been known." *Id.* at *18 (internal citations omitted).

[20] *Execware*, 2012 U.S. Dist. LEXIS 174885 at *17-20.

[21] *Callwave*, 2014 U.S. Dist. LEXIS 15374 at *7; *see also Chalumeau*, 2012 U.S. Dist. LEXIS 142809 at *2-3.

## **CONCLUSION**

The Amended Complaint fails to allege sufficient facts supporting Plaintiffs' willful infringement claims under this Court's jurisprudence. Accordingly, Juniper respectfully requests that the Court dismiss those claims pursuant to Federal Rule of Civil Procedure 12(b)(6).

|  | MORRIS, NICHOLS, ARSHT & TUNNELL LLP |
|---|---|
|  | */s/ Jack B. Blumenfeld* |
|  | Jack B. Blumenfeld (#1014)<br>Julia Heaney (#3052)<br>1201 North Market Street<br>P.O. Box 1347<br>Wilmington, DE 19899<br>(302) 658-9200<br>jblumenfeld@mnat.com<br>jheaney@mnat.com |
| OF COUNSEL:<br><br>Alan M. Fisch<br>Alicia Meros Carney<br>FISCH SIGLER LLP<br>5335 Wisconsin Avenue NW, 8th Floor<br>Washington, DC 20015<br>(202) 362-3600 | Attorneys for Defendant Juniper Networks, Inc. |

September 15, 2014
8528017.1

## CERTIFICATE OF SERVICE

I hereby certify that on September 15, 2014, I caused the foregoing to be electronically filed with the Clerk of the Court using CM/ECF, which will send notification of such filing to all registered participants.

I further certify that I caused copies of the foregoing document to be served on September 15, 2014, upon the following in the manner indicated:

| | |
|---|---|
| Damien Nicholas Tancredi, Esquire<br>COZEN O'CONNOR<br>1201 North Market Street, Suite 1001<br>Wilmington, DE 19801<br>*Attorneys for Plaintiff* | *VIA ELECTRONIC MAIL* |
| Kerry B. McTigue, Esquire<br>Barry P. Golob, Esquire<br>Donald R. McPhail, Esquire<br>COZON O'CONNOR<br>The Army and Navy Building<br>1627 I Street, NW, Suite 1100<br>Washington, DC 20006<br>*Attorneys for Plaintiff* | *VIA ELECTRONIC MAIL* |

*/s/ Jack B. Blumenfeld*

Jack B. Blumenfeld (#1014)