IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| SPHERIX INCORPORATED and NNPT, LLC, | ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) | Civ. No. 14-578-SLR |
| JUNIPER NETWORKS, INC., | ) ) ) | |
| Defendant. | ) | |

**MEMORANDUM ORDER**

At Wilmington this 30th day of March, 2015, having reviewed defendant's motion to dismiss plaintiffs' claims of willful patent infringement, and the papers filed in connection therewith;

IT IS ORDERED that defendant's motion to dismiss plaintiffs' claims of willful patent infringement (D.I. 15) is granted, for the reasons that follow:

1. **Background.** On May 2, 2014, plaintiff Spherix Incorporated ("Spherix") filed the instant action against defendant Juniper Networks Inc. ("defendant") alleging infringement of United States Patent Nos. RE40,467 ("the '467 patent"); 6,578,086 ("the '086 patent"); 6,130,877 ("the '877 patent"); 7,664,123 ("the '123 patent"); and 8,607,323 ("the '323 patent") (collectively, "the patents-in-suit"). (D.I. 1) On July 8, 2014, plaintiff filed, by stipulation, an amended complaint adding co-plaintiff NNPT, LLC (collectively with Spherix, "plaintiffs"). (D.I. 13) The court has jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1338(a).

2. **Standard.** A motion filed under Federal Rule of Civil Procedure 12(b)(6) tests the sufficiency of a complaint's factual allegations. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007); *Kost v. Kozakiewicz*, 1 F.3d 176, 183 (3d Cir. 1993). A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief, in order to give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Twombly*, 550 U.S. at 545 (internal quotation marks omitted) (interpreting Fed. R. Civ. P. 8(a)). Consistent with the Supreme Court's rulings in *Twombly* and *Ashcroft v. Iqbal*, 556 U.S. 662 (2009), the Third Circuit requires a two-part analysis when reviewing a Rule 12(b)(6) motion. *Edwards v. A.H. Cornell & Son, Inc.*, 610 F.3d 217, 219 (3d Cir. 2010); *Fowler v. UPMC Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009). First, a court should separate the factual and legal elements of a claim, accepting the facts and disregarding the legal conclusions. *Fowler*, 578 F.3d. at 210-11. Second, a court should determine whether the remaining well-pled facts sufficiently show that the plaintiff "has a 'plausible claim for relief.'" *Id.* at 211 (quoting *Iqbal*, 556 U.S. at 679). As part of the analysis, a court must accept all well-pleaded factual allegations in the complaint as true, and view them in the light most favorable to the plaintiff. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *Christopher v. Harbury*, 536 U.S. 403, 406 (2002); *Phillips v. Cnty. of Allegheny*, 515 F.3d 224, 231 (3d Cir. 2008). In this regard, a court may consider the pleadings, public record, orders, exhibits attached to the complaint, and documents incorporated into the complaint by reference. *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322 (2007); *Oshiver v. Levin, Fishbein, Sedran & Berman*, 38 F.3d 1380, 1384-85 n.2 (3d Cir. 1994).

2

3. The court's determination is not whether the non-moving party "will ultimately prevail" but whether that party is "entitled to offer evidence to support the claims." *United States ex rel. Wilkins v. United Health Grp., Inc.*, 659 F.3d 295, 302 (3d Cir. 2011). This "does not impose a probability requirement at the pleading stage," but instead "simply calls for enough facts to raise a reasonable expectation that discovery will reveal evidence of [the necessary element]." *Phillips*, 515 F.3d at 234 (quoting *Twombly*, 550 U.S. at 556). The court's analysis is a context-specific task requiring the court "to draw on its judicial experience and common sense." *Iqbal*, 556 U.S. at 663-64.

4. **Analysis.** The Federal Circuit has set forth a two-pronged standard for establishing willful infringement, an objective prong and a subjective prong. With respect to the former,

> a patentee must show by clear and convincing evidence that the infringer acted despite an objectively high likelihood that its actions constituted infringement of a valid patent. The state of mind of the accused infringer is not relevant to this objective inquiry.

*In re Seagate Technology LLC*, 497 F.3d 1360, 1371 (Fed. Cir. 2007) (internal citations omitted). If the objective prong is satisfied, the patentee must next establish that "this objectively-defined risk (determined by the record developed in the infringement proceeding) was either known or so obvious that it should have been known to the accused infringer." *Id.* This subjective prong hinges on the fact finder's assessments of the credibility of witnesses. *LG Elecs. U.S.A., Inc. v. Whirlpool Corp.*, 798 F. Supp. 2d 541, 557 (D. Del. 2011). "The drawing of inferences, particularly in respect of an intent-implicating question such as willfulness, is peculiarly within the province of the fact finder that observed the witnesses." *Liquid Dynamics Corp. v. Vaughan Co.*, 449 F.3d 1209, 1225 (Fed. Cir. 2006) (citation omitted).

3

5. At the pleading stage, a plaintiff alleging a cause of action for willful infringement must "plead facts giving rise to at least a showing of objective recklessness of the infringement risk." *St. Clair Intellectual Prop. Consultants, Inc. v. Hewlett–Packard Co.*, 2012 WL 1134318, at *2-3 (D. Del. Mar. 28, 2012) (internal quotations omitted). Although "actual knowledge of infringement or the infringement risk" need not be pled, the complaint "must adequately allege 'factual circumstances in which the patents-in-suit [are] called to the attention' of the defendants." *MONEC Holding AG v. Motorola Mobility, Inc.*, 897 F. Supp. 2d 225, 236 (D. Del. 2012).

6. The amended complaint states that defendant had knowledge of the RE467 patent, the '323 patent, the '086 patent, and the '877 patent from the date of "the Nortel patent auction," as each of these patents were part of the patent portfolio for sale.[1] (D.I. 13 at ¶¶ 30-31, 35-36, 40-41, 50-51) The patent portfolio contained more than 6,000 patents. (D.I. 16, ex. B) Plaintiffs argue that defendant would certainly have "carefully reviewed the patents it sought to acquire" and, "[a]t a minimum, . . . would have almost certainly analyzed those patents that were 'relevan[t] to Juniper's products and services' and those which [defendant] likely infringed, during its participation in the auction." (D.I. 18 at 7) The court declines to infer knowledge of four specific patents from defendant's participation in a bidding process on a portfolio containing over 6,000 patents. *See LG Display Co. v. AU Optronics Corp.*, 722 F. Supp. 2d 466, 471 (D. Del. 2010) (Following a bench trial, the court found that "LGD was not the purchaser of these patents, and the

---

[1] The '323 patent was filed on April 11, 2012, over a year after the Nortel auction, and issued December 10, 2013. As the '323 patent did not exist at the time of the Nortel auction, defendant cannot be held to have knowledge thereof. *State Indus., Inc. v. A.O. Smith Corp.*, 751 F.2d 1226, 1236 (Fed. Cir. 1985) ("To willfully infringe a patent, the patent must exist and one must have knowledge of it.").

4

evidence is unclear as to the extent of LGD's interest and involvement in the potential purchase.").

    7. As to the '123 patent, plaintiff alleges that defendant had knowledge

> since at least July 19, 2012, when an examiner at the U.S. Patent & Trademark Office applied the '123 patent as prior art against the then-pending claims of U.S. Patent Application No. 12/710,164 (now U.S. Patent No. 8,687,629). In addition, in 2013, [defendant] cited the '123 patent as potentially relevant to the examiner at the PTO responsible for examining [defendant's] U.S. Patent No. 8,560,660.

(D.I. 13 at ¶ 44) The '123 patent was one of thirty-one references cited by the examiner during the prosecution of defendant's 8,687,629 patent. (D.I. 16 at 6) The fact that the '123 patent was referenced during prosecution of two of defendant's over 1,700 patents (D.I. 16 at 2) is not compelling evidence of knowledge, i.e., that the patent was "called to the attention" of defendant. Moreover, the complaint contains no facts establishing "objective recklessness of the infringement risk." *See e.g., Courtesy Products, L.L.C. v. Hamilton Beach Brands, Inc.*, Civ. No. 13-2012-SLR, 2014 WL 5780877, at *5 (D. Del. Nov. 5, 2014) (citation omitted).

    8. **Conclusion.** For the aforementioned reasons, defendant's motion to dismiss the allegations of willfulness (D.I. 15) is granted.

*[signature]*
United States District Judge

5