**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| SPHERIX INCORPORATED and NNPT, LLC, | § § § § |
| Plaintiffs, | § § |
| v. | § § Civil Action No. 14-578 (SLR) |
| JUNIPER NETWORKS, INC. | § § § |
| Defendant. | § § § § |

**[PROPOSED] CASE SCHEDULING ORDER**

At Wilmington this ___ day of _____ , 2015, the parties having satisfied their

obligations under Fed. R. Civ. P. 26 as described in the Court's order for a scheduling

conference; and the Court having conducted its case management conference pursuant to Fed.

R. Civ. P. 16 and D. Del. LR 16.1(a) and (b);

IT IS ORDERED that:

1.      **Fact Discovery.**

(a)      **Plaintiffs' Proposal**:      All fact discovery shall be commenced in time to

be completed by **May 13, 2016**.  Defendant's Proposal:  All fact discovery shall be commenced

in time to be completed by **September 23, 2016.**

(b)      **Management**.  Consistent with this order and the Court's order for a

scheduling conference, all discovery disputes, and the overall management of discovery, are

referred to a Magistrate Judge, pursuant to 28 U.S.C. § 636.

(c)     **Initial  Disclosures**.

(1)     The parties shall exchange the following information identified at the Rule 26(f) conference by **June 5, 2015**:  **The information required in Fed. R. Civ. P. 26(a)(1)**.  The parties shall exchange initial disclosures pursuant to paragraph 3 of the Delaware Default Standard of Discovery, Including Discovery of Electronically Stored Information ("ESI") on **July 19, 2015**, unless prior to that time the parties agree to an alternative stipulation regarding discovery, including ESI, in which case the requirements and deadline(s) in the alternative stipulation shall apply.

(2)     On or before **June 11, 2015**, Plaintiffs shall identify the accused product(s) and its damages model, as well as the asserted patent(s) the accused product(s)[1] allegedly infringe(s), and shall produce the file history for each asserted patent.

(3)     On or before **August 13, 2015**, Defendant shall produce to Plaintiffs the core technical documents related to the accused product(s), sufficient to show how the accused product(s) work(s), including but not limited to non-publicly available operation manuals, product literature, schematics, and specifications.  Defendant shall also produce sales figures for the accused product(s).

(4)     The Magistrate Judge shall thereafter conduct a status conference to ensure that the initial exchanges have been meaningful.

(5)     On or before **October 5, 2015**, Plaintiffs shall produce an initial claim chart relating each known accused product to the asserted claims each such product allegedly infringes.

(6)     On or before **November 19, 2015**, Defendant shall produce its initial invalidity contentions for each asserted claim, as well as the known related invalidating

---

[1] Including accused methods and systems.

references.

        (d)     **Document production.**

        (1)     Maximum of **100** requests for production by each party to any other party.

        (2)     Discovery of paper and electronic documents shall be completed on or before **January 29, 2016**.

        (e)     **Depositions.**

        (1)     No deposition (other than those noticed under Fed. R. Civ. P. 30(b)(6)) shall be scheduled prior to the completion of document production.

        (2)     The number of depositions (and any other issues related to depositions) shall be addressed by the Magistrate Judge no later than the completion of document production.

        (f)     **Written Discovery**.

        (1)     Maximum of **40** interrogatories by each party to any other party.

        (2)     Plaintiffs' Proposal: Final infringement contentions[2] shall be due no later than **April 12, 2016**. Defendant's Proposal: Final infringement contentions[3] shall be due no later than **May 23, 2016**.

        (3)     Plaintiffs' Proposal: Final invalidity contentions shall be due no later than **April 26, 2016**. Defendant's Proposal: Final invalidity contentions shall be due no later than **June 21, 2016**.

---

[2] The adequacy of all such contentions shall be judged by the level of detail each party provides; i.e. the more detail a party provides, the more detail a party shall receive.

[3] The adequacy of all such contentions shall be judged by the level of detail each party provides; i.e. the more detail a party provides, the more detail a party shall receive.

(4)     Maximum of **100** requests for admission by each party to any other party, on matters other than the authenticity of documents.

(g)     **Supplementation**.  Plaintiffs' Proposal:  No later than **March 25, 2016**, the parties must finally supplement, *inter alia*, the identification of all accused products and of all invalidity references.  Defendant's Proposal:  No later than **March 25, 2016**, the Plaintiffs must finally supplement, *inter alia*, the identification of all accused products and no later than **April 22, 2016**, Defendant must finally supplement, *inter alia*, the identification of all invalidity references.

2.     **Joinder of Other Parties and Amendment of Pleadings**.   All motions to join other parties and/or to amend pleadings shall be filed on or before **April 1, 2016**.

3.     **Willfulness**.  The Court granted Defendant's Motion to Dismiss Plaintiffs' claims of willful infringement (D.I. 21).

4.     **Settlement Conference**.   Pursuant to 28 U.S.C. § 636, this matter is referred to a Magistrate Judge[4] for the purposes of exploring ADR.

5.     **Claim Construction**.[5]

(a)     Plaintiffs' Proposal:  The parties shall exchange lists of those claim terms in need of construction (along with their respective proposed constructions) on or before **December 9, 2015**.  Defendant's Proposal:  The parties shall exchange lists of those claim terms in need of construction (along with their respective proposed constructions) on or before **May 9, 2016**.

---

[4] The Court may also refer ADR to a Special Master.

[5] The parties must identify, during the claim construction phase of the case, any claim language that will have a meaning to a person of ordinary skill in the art that differs from the ordinary meaning.  Any language not so identified will be construed according to its ordinary meaning.

(b)      Plaintiffs' Proposal:  The parties shall agree upon and file a Joint Claim Construction Statement on **December 18, 2015**.  For any contested claim limitation, each party must submit a proposed construction.[6]  Defendant's Proposal:  The parties shall agree upon and file a Joint Claim Construction Statement on **May 31, 2015**.  For any contested claim limitation, each party must submit a proposed construction.

(c)      Plaintiffs' Proposal:  Plaintiffs shall serve and file their opening brief on claim construction on or before **January 5, 2016**.  Defendant's Proposal:  Plaintiffs shall serve and file their opening brief on claim construction on or before **June 28, 2016**.

(d)      Plaintiffs' Proposal:  Defendant shall serve and file its answering claim construction brief on or before **January 22, 2016**.  Defendant's Proposal:  Defendant shall serve and file its answering claim construction brief on or before **July 26, 2016**.

(e)      Plaintiffs' Proposal:  Plaintiffs shall serve and file their reply brief on or before **February 2, 2016**.  Defendant's Proposal:  Plaintiffs shall serve and file their reply brief on or before **August 16, 2016**.

(f)      Plaintiffs' Proposal:  Defendant shall serve and file its surreply brief on or before **February 12, 2016**.  Defendant's Proposal:  Defendant shall serve and file its surreply brief on or before **August 31, 2016**.

(g)      Plaintiffs' Proposal:  The Court shall conduct a hearing on claim construction on **March __, 2016**.[7]  Defendant's Proposal:  The Court shall conduct a hearing on claim construction on **September __, 2016**.

---

[6] Resorting to "plain and ordinary" meaning is not sufficient, as it effectively leaves claim construction in the hands of the experts rather than the Court.

[7] Unless otherwise directed, the Court shall conduct its proceedings in courtroom 4B, fourth floor United States Courthouse, 844 King Street, Wilmington, Delaware.

(h)     Plaintiffs' Proposal:  The Court shall issue its decision on claim construction on or before **May __, 2016**.  Defendant's Proposal:  The Court shall issue its decision on claim construction on or before **October __, 2016**.

(i)     Plaintiffs' Proposal:  The Court shall thereafter conduct a status conference on **May __, 2016**, the purpose of which is to discuss the scope of the case (vis a vis the number of patents, claims, products, prior art references, etc.) and determine whether any limits need to be imposed to focus the case prior to expert discovery.  Defendant's Proposal: The Court shall thereafter conduct a status conference on **November __ 2016**, the purpose of which is to discuss the scope of the case (vis a vis the number of patents, claims, products, prior art references, etc.) and determine whether any limits need to be imposed to focus the case prior to expert discovery.

6.     **Expert Discovery.**

(a)     Plaintiffs' Proposal:     All expert discovery shall be commenced in time to be completed by **August 22, 2016**.  Defendant's Proposal:  All expert discovery shall be commenced in time to be completed by **February 24, 2017**.

(b)     Plaintiffs' Proposal:     Expert reports on issues for which the parties have the burden of proof shall be served on or before **June 10, 2016**.  Rebuttal expert reports shall be served on or before **July 8, 2016**.  Supplemental reports (on, e.g., secondary considerations of obviousness) shall be served on or before **July 22, 2016**.  Defendant's Proposal:     Expert reports on issues for which the parties have the burden of proof shall be served on or before **December 2, 2016**.  Rebuttal expert reports shall be served on or before **January 3, 2017**. Supplemental reports (on, e.g., secondary considerations of obviousness) shall be served on or before **January 26, 2017**.

(c)      Expert depositions are limited to a maximum of **7 hours**, absent agreement of the parties or order of the Court.

(d)      Plaintiffs' Proposal:    The Court shall conduct an in-person status conference on **August __, 2016**, if the parties have any issues regarding expert discovery.   No *Daubert* motions or motions to strike expert testimony shall be filed unless discussed with the Court at this conference and the Court deems a motion practice appropriate.  Defendant's Proposal:  The Court shall conduct an in-person status conference on **March __, 2017**, if the parties have any issues regarding expert discovery.   No *Daubert* motions or motions to strike expert testimony shall be filed unless discussed with the Court at this conference and the Court deems a motion practice appropriate.

**7.      Fact Witnesses to be Called at Trial**.  Within one (1) month following the close of expert discovery, each party shall serve on the other parties a list of each fact witness (including any expert witness who is also expected to give fact testimony) who has previously been disclosed during fact discovery and that it intends to call at trial.  Within one (1) month of receipt of such fact witness list, each party shall serve a list of each rebuttal fact witness disclosed during fact discovery that it intends to call at trial.  It is expected that all such witnesses have been vetted during the fact discovery process.

**8.      Motion  Practice.**

(a)      All motions to dismiss, to amend, and to transfer (and any discovery motions permitted by a Magistrate Judge) shall be resolved by a Magistrate Judge, pursuant to 28 U.S.C. § 636.

(b)      All other motions, including motions to stay and for summary judgment, shall be referred, if at all, on an individualized basis.

7

(c)     Plaintiffs' Proposal:     All summary judgment motions shall be served and filed on or before **September 9, 2016**.   Absent order of the Court, no summary judgment motion may be filed earlier than said date, and no such motion may be filed in the absence of a jury demand.  Defendant's Proposal:  All summary judgment motions shall be served and filed on or before **March 6, 2017**.   Absent order of the Court, no summary judgment motion may be filed earlier than said date, and no such motion may be filed in the absence of a jury demand.

(1)     Plaintiffs' Proposal:  Opening briefs on infringement and invalidity shall be served and filed on **September 9, 2016**.  Defendant's Proposal:  Opening briefs on infringement and invalidity shall be served and filed on **March 6, 2017**.

(2)     Plaintiffs' Proposal:  Opening briefs or combined opening-answering briefs on noninfringement and validity shall be served and filed on **September 30, 2016**.  Defendant's Proposal:  Opening briefs or combined opening-answering briefs on noninfringement and validity shall be served and filed on **April 3, 2017**.

(3)     Where cross-motions are presented:

(i)     Plaintiffs' Proposal:  Combined answering-reply briefs on infringement and invalidity in response to the briefs filed pursuant to (2) above shall be served and filed on **October 21, 2016**.  Defendant's Proposal:  Combined answering-reply briefs on infringement and invalidity in response to the briefs filed pursuant to (2) above shall be served and filed on **May 1, 2017**.

(ii)     Plaintiffs' Proposal:  Reply briefs on noninfringement and validity shall be served and filed on **November 4, 2016**.  Defendant's Proposal:  Reply briefs on noninfringement and validity shall be served and filed on **May 15, 2017**.

(4)     Where cross-motions are not presented:

(i)     Plaintiffs' Proposal:  Answering briefs on infringement and validity shall be served and filed on **September 30, 2016**.  Answering briefs on noninfringement and invalidity shall be served and filed on **October 21, 2016**.  Defendant's Proposal:  Answering briefs on infringement and validity shall be served and filed on **April 3, 2017**.  Answering briefs on noninfringement and invalidity shall be served and filed on **May 1, 2017**.

(ii)     Plaintiffs' Proposal:   Reply briefs on infringement and validity shall be served and filed on **October 14, 2016**.  Reply briefs on noninfringement and invalidity shall be served and filed on or before **November 4, 2016**.  Defendant's Proposal: Reply briefs on infringement and validity shall be served and filed on **April 18, 2017**.  Reply briefs on noninfringement and invalidity shall be served and filed on or before **May 15, 2017**.

(5)     Plaintiffs' Proposal:    The Court shall hear oral argument on said motion(s) on **November __, 2016 at __ a.m./p.m.  Defendant's Proposal:**  The Court shall hear oral argument on said motion(s) on **June __, 2017 at __ a.m./p.m.**

**9.     Communications with the Court.**

(a)     Absent express approval by the Court, any application to the Court for relief shall be by written motion filed with the clerk.  The Court will not consider applications and requests submitted by letter or in a form other than a motion.

(b)     No telephone calls shall be made to chambers.

(c)     Any party with an emergency matter requiring the assistance of the Court shall e-mail chambers utilizing the "E-mail Request for Emergency Relief" and "Opposing Counsel's Response" forms posted on the Court's website and e-mail the

completed forms to slr_civil@ded.uscourts.gov.  The e-mail shall provide a short statement describing the emergency.  **NO ATTACHMENTS** shall be submitted in connection with said e-mails.

        (d)     To be considered timely filed, all papers shall be electronically filed on or before 8:00 p.m. Eastern Time.

      10.    **Motions in Limine**.   No motions in limine shall be filed.  Instead, the parties shall be prepared to address their evidentiary issues at the pretrial conference and during trial (before and after the trial day).

      11.    **Pretrial  Conference**.  Plaintiffs' Proposal:  A pretrial conference shall be held on **January __, 2017**.  The Federal Rules of Civil Procedure and D. Del. LR 16.3 shall govern the pretrial conference.  Defendant's Proposal:  A pretrial conference shall be held on **August __, 2017**.  The Federal Rules of Civil Procedure and D. Del. LR 16.3 shall govern the pretrial conference.

      12.    **Trial**.  Plaintiffs'  Proposal:   This matter is scheduled for a [day/week] jury trial commencing on **February __, 2017**.  For purposes of completing pretrial preparations, the parties should plan on being allocated a total number of hours in which to present their evidence and argument.  Defendant's Proposal:  This matter is scheduled for a [day/week] jury trial commencing on **September __, 2017**.  For purposes of completing pretrial preparations, the parties should plan on being allocated a total number of hours in which to present their evidence and argument.

 

                      _____
                         United States District Judge